# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
FILED     NOV 3 0 2023
CLERK

# FIRST SUPERSEDING INDICTMENT FOR CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE CONTROLLED SUBSTANCES, POSSESSION WITH INTENT TO DISTRIBUTE CONTROLLED SUBSTANCES, POSSESSION OF FIREARMS IN FURTHERANCE OF DRUG TRAFFICKING CRIMES, POSSESSION OF FIREARMS BY A <u>CONVICTED FELON, AND NOTICE OF FORFEITURE</u>

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 23-52-JWD-EWD |
| | : | |
| *versus* | : | 21 U.S.C. § 846 |
| | : | 21 U.S.C. § 841(a)(1) |
| ROBERT PENNYWELL, | : | 21 U.S.C. § 841(b)(1)(A)(vi) |
| a/k/a "Black Bo," | : | 18 U.S.C. § 2 |
| a/k/a "Black Beezy," | : | 18 U.S.C. § 924(c)(1)(A)(i) |
| a/k/a "Rob," | : | 18 U.S.C. § 922(g)(1) |
| a/k/a "Black Man," | : | 21 U.S.C. § 853 |
| MOHAMMAD SHARIFI, | : | 18 U.S.C. § 982(a)(1) |
| a/k/a "Moe," | : | 18 U.S.C. § 924(d)(1) |
| NICHOLAS CRITNEY, | : | 28 U.S.C. § 2461(c) |
| JHON BROOKS, | : | |
| a/k/a "Poppadoc," and | : | |
| JASON JACKSON | : | |
| a/k/a "Squally" | : | |

## <u>THE GRAND JURY CHARGES:</u>

### <u>COUNT ONE</u>
### (Conspiracy to Distribute and to Possess with the Intent to Distribute Controlled Substances)

1.      Beginning on an exact date unknown to the Grand Jury, but no later than in or about 2021, and continuing until on or about June 14, 2023, in the Middle District of Louisiana and elsewhere,

**ROBERT PENNYWELL,**
**a/k/a "Black Bo,"**
**a/k/a "Black Beezy,"**

USA Sealed Group
USM
USPO

**a/k/a "Rob,"**
**a/k/a "Black Man,"**
**MOHAMMAD SHARIFI,**
**a/k/a "Moe,"**
**NICHOLAS CRITNEY,**
**JHON BROOKS,**
**a/k/a "Poppadoc," and**
**JASON JACKSON,**
**a/k/a "Squally,"**

defendants herein, did conspire and agree with each other, and with others known and unknown

to the Grand Jury, to knowingly and intentionally distribute and to possess with the intent to

distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-

phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance, a

mixture and substance containing a detectable amount of heroin, a Schedule I controlled

substance, a mixture and substance containing a detectable amount of cocaine, a Schedule II

controlled substance, and a mixture and substance containing a detectable amount of

methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States

Code, Section 841(a)(1), and did aid and abet the commission of said conspiracy.

    2.     It is further alleged that, with respect to **ROBERT PENNYWELL, a/k/a "Black**

**Bo," a/k/a "Black Beezy," a/k/a "Rob," a/k/a "Black Man" ("PENNYWELL")**, the amount

of fentanyl involved in the conspiracy attributable to him as a result of his own conduct, and the

conduct of other conspirators reasonably foreseeable to him, is 400 grams or more of a mixture

and substance containing a detectable amount of fentanyl.

    3.     It is further alleged that, with respect to **MOHAMMAD SHARIFI, a/k/a "Moe,"**

("**SHARIFI**"), the amount of fentanyl involved in the conspiracy attributable to him as a result

of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 400

grams or more of a mixture and substance containing a detectable amount of fentanyl.

4.     It is further alleged that, with respect to **NICHOLAS CRITNEY** ("**CRITNEY**"), the amount of fentanyl involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 400 grams or more of a mixture and substance containing a detectable amount of fentanyl.

A.     **OBJECT OF THE CONSPIRACY**

5.     The object of the conspiracy was to buy, sell, possess, transport, distribute, and profit from the sale of fentanyl, heroin, cocaine, and methamphetamine in the Middle District of Louisiana and elsewhere.

B.     **MANNER AND MEANS OF ACCOMPLISHING THE CONSPIRACY**

6.     In order to accomplish the object of the conspiracy, the defendants used, and caused others to use, the following manner and means, among others:

7.     **PENNYWELL** and **CRITNEY** conspired to obtain fentanyl and methamphetamine from **SHARIFI** in California for further distribution to others in Baton Rouge, Louisiana, and surrounding areas.

8.     **SHARIFI** arranged for the purchase and transportation of fentanyl from California to **PENNYWELL** and **CRITNEY** for further distribution to others in Baton Rouge and surrounding areas.

9.     **PENNYWELL** and **CRITNEY** prepared, packaged, and "cut" fentanyl and heroin for distribution to other dealers and users.  "Cutting" is the act of combining pure controlled substances with additives that may increase or decrease their potency and usually has the effect of increasing the amount of controlled substances available for sale.

10. **PENNYWELL** and **CRITNEY** used residences and vehicles within the Middle District of Louisiana to store, weigh, process, package, cut, and distribute fentanyl, heroin, and cocaine.

11. **JHON BROOKS, a/k/a "Poppadoc" ("BROOKS")**, used residences and vehicles within the Middle District of Louisiana to store, weigh, process, package, cut, and distribute cocaine.

12. **JASON JACKSON, a/k/a "Squally" ("JACKSON")**, used vehicles within the Middle District of Louisiana distribute cocaine on behalf of **PENNYWELL**.

13. **PENNYWELL**, **SHARIFI**, **CRITNEY**, **BROOKS**, and **JACKSON** used telephones to discuss, negotiate, and arrange for the purchase and sale of controlled substances, and to facilitate the exchange of money related to the buying and selling of controlled substances.

14. **PENNYWELL**, **CRITNEY**, **BROOKS**, and **JACKSON** used public and private places to arrange and complete narcotics-related transactions.

15. **PENNYWELL**, **SHARIFI**, **CRITNEY**, and **BROOKS** took actions to evade law enforcement and protect the drug trafficking conspiracy, including but not limited to, communicating in code, meeting in secret, utilizing aliases during the distribution of controlled substances, and hiding the controlled substances.

16. During telephonic communications, the defendants spoke in code words or intentionally vague terms to refer to drugs, drug transactions, drug prices and profits, drug amounts, and the process of cutting drugs for later distribution. Examples include "fetty," which means fentanyl; "windows," which means methamphetamine; "water;" which means methamphetamine; "brick," which means a kilogram; "unit," "eight ball," and "ball," which

mean one-eighth of an ounce of cocaine; and "seven," which means one-quarter of an ounce of cocaine.

C.    **ACTS IN FURTHERANCE OF THE CONSPIRACY**

17.    In furtherance of the conspiracy, and to effect and accomplish its object, the defendants committed the following overt acts in the Middle District of Louisiana and elsewhere, including, but not limited to, the following:

18.    Beginning in or about 2021, and continuing until in or about 2023, approximately two to three times per month, **PENNYWELL** imported distributable quantities of heroin and fentanyl from Houston, Texas, and Los Angeles, California, to Baton Rouge.

19.    On March 22, 2023, during a telephonic communication, **PENNYWELL** and **CRITNEY** discussed drugs, possession of firearms, and an associate's arrest for possession of drugs and a firearm that **PENNYWELL** had purchased earlier.

20.    On March 28, 2023, and March 31, 2023, during telephonic communications, **PENNYWELL** and **CRITNEY** discussed their prices for various drug amounts and methods to increase volume using cutting agents to have more product to sell.

21.    On April 3, 2023, during a telephonic communication, **PENNYWELL** and **CRITNEY** discussed purchasing drugs from **SHARIFI**, the quality of **SHARIFI**'s drugs, and the timing of payment to **SHARIFI** for the drugs.

22.    On April 3, 2023, during telephonic communications, C.W. arranged with **PENNYWELL** to purchase "two units," a quarter ounce of cocaine.  **PENNYWELL** then delivered the cocaine to C.W. at his house in Baton Rouge.

23.    On April 5, 2023, during telephonic communications, C.W. arranged with **PENNYWELL** to purchase "three units," three eighths of an ounce of cocaine.  **PENNYWELL**

then delivered the cocaine to C.W. at his house in Baton Rouge.  C.W. left cash for

**PENNYWELL** as partial payment for the cocaine.

24.     On April 6, 2023, **PENNYWELL** received $800.00 from C.W. via Venmo, the balance of what C.W. owed for the cocaine.

25.     On April 8, 2023, during a telephonic communication, **PENNYWELL** and **CRITNEY** discussed drug prices and a potential new source of supply for the purchase of fentanyl.

26.     On April 10, 2023, during telephonic communications, C.W. arranged with **PENNYWELL** to purchase "three units," three eighths of an ounce of cocaine.  **PENNYWELL** then agreed to purchase a "seven" and an "eight ball" from **BROOKS**.  **PENNYWELL** obtained the cocaine from **BROOKS** and delivered it to C.W. at his house in Baton Rouge.

27.     On April 11, 2023, **PENNYWELL** received $1,075.00 from C.W. via Venmo for the cocaine.

28.     On April 19, 2023, during telephonic communications, C.W. arranged with **PENNYWELL** to purchase "four units," a half-ounce of cocaine.  **PENNYWELL** then obtained the cocaine from **BROOKS** and delivered it to C.W. at his house in Baton Rouge.

29.     On April 20, 2023, **PENNYWELL** received $1,780.00 from C.W. via Venmo for the cocaine.

30.     On April 19, 2023, during telephonic communications, **PENNYWELL** and **SHARIFI** discussed **SHARIFI**'s association with an individual who had access to fentanyl and methamphetamine in the San Diego area for shipment to **PENNYWELL** in Baton Rouge, and how **PENNYWELL** would pay for the fentanyl he was to receive from **SHARIFI**.

31.     On April 20, 2023, **PENNYWELL** sent $4,000 via Venmo, for the purchase of the fentanyl in California.

32.     On April 20, 2023, during a telephonic communication, **CRITNEY** questioned **PENNYWELL** as to when "the package" containing fentanyl from California would arrive because he had customers ready to purchase from him.

33.     Between April 20, 2023, and April 24, 2023, during telephonic communications, **PENNYWELL** and **SHARIFI** discussed the measures **SHARIFI** had taken to ship the fentanyl to **PENNYWELL** and the whereabouts of the shipment, and **SHARIFI** reassured **PENNYWELL** that the shipment would arrive shortly.

34.     On April 24, 2023, during a telephonic communication, **PENNYWELL** and **SHARIFI** again discussed the shipment of fentanyl.  **SHARIFI** expressed that he had confidence in **PENNYWELL**'s ability to make money for them, and they discussed the amount of money **SHARIFI** had invested to obtain the fentanyl.  **PENNYWELL** said he was worried that the package had not arrived and that it had been seized or stolen.

35.     On April 24, 2023, during a telephonic communication, **PENNYWELL** told J.J., who was looking for narcotics, that he was waiting to receive a "brick" that was supposed to have arrived the previous night.

36.     On April 25, 2023, during telephonic communications, **PENNYWELL** again expressed concern to **SHARIFI** and **CRITNEY** about the missing fentanyl shipment. **PENNYWELL** and **CRITNEY** discussed how **CRITNEY** cut fentanyl before distributing it and **CRITNEY** said he was worried that strong fentanyl could kill people.

37.     On or about April 25, 2023, the package that **SHARIFI** had sent to **PENNYWELL** arrived at a United Parcel Service facility in Baton Rouge.  It was seized by law enforcement and found to contain approximately one kilogram of fentanyl.

38.     On April 28, 2023, during telephonic communications, **PENNYWELL** and **CRITNEY** discussed the appropriate amount of cutting agent they should add to fentanyl and that the fentanyl they were selling could be fatal if sold uncut or undiluted.

39.     On April 28, 2023, during telephonic communications, **PENNYWELL** and **CRITNEY** discussed **CRITNEY** distributing cocaine to C.W. while **PENNYWELL** was out of town.

40.     On April 28, 2023, May 1, 2023, and May 16, 2023, during telephonic communications, **PENNYWELL** and **CRITNEY** discussed the shipment of another package of fentanyl from **SHARIFI** to Baton Rouge.

41.     On May 10, 2023, during telephonic communications, **PENNYWELL** arranged for the purchase of three "balls" of cocaine from **BROOKS** for redistribution to C.W. **PENNYWELL** recruited **JACKSON** to assist.  **JACKSON** collected money from C.W. for the purchase, bought the cocaine from **BROOKS**, and delivered the cocaine to C.W.

42.     On May 11, 2023, during a telephonic communication, **PENNYWELL** and **CRITNEY** discussed the sale of heroin and fentanyl in the Baton Rouge area, the profits made on those sales, and the prices to be charged for fentanyl and heroin.

43.     On May 17, 2023, during telephonic communications, **PENNYWELL** and **BROOKS** arranged to meet for the sale of cocaine.  **BROOKS** then sold **PENNYWELL** one-quarter of an ounce of cocaine for redistribution to C.W.

44.     On May 18, 2023, **PENNYWELL** possessed the following items related to the distribution of controlled substances in the Middle District of Louisiana:

      a.     Approximately 7.82 grams of a mixture and substance containing a detectable amount of methamphetamine; and

      b.     Powdered sugar and quinine, which are used as cutting agents.

45.     On May 18, 2023, **CRITNEY** possessed the following items related to the distribution of controlled substances in the Middle District of Louisiana:

      a.     Approximately 16.56 grams of a mixture and substance containing a detectable amount of fentanyl;

      b.     A loaded Sig Sauer 9mm semi-automatic handgun, bearing serial number 58A199578; and

      c.     Two cellular telephones.

46.     On June 14, 2023, **BROOKS** possessed the following items related to the distribution of controlled substances in the Middle District of Louisiana:

      a.     Approximately 394 grams of a mixture and substance containing a detectable amount of cocaine;

      b.     Two digital scales and other narcotics paraphernalia;

      c.     Baking soda, which is used as a cutting agent;

      d.     A loaded Taurus .45 caliber pistol, bearing serial number NET66017;

      e.     A loaded FNH USA 9mm pistol, bearing serial number GKS0121794;

      f.     A loaded Smith & Wesson .40 caliber pistol, bearing serial number FWT9806;

      g.     A loaded Smith & Wesson .38 Special revolver with an obliterated serial number;

      h.     A loaded Colt Python .357 caliber revolver, bearing serial number T16983;

  i.  A loaded Glock, Model 20, 10mm pistol, bearing serial number BSPW166;

  j.  Assorted firearms ammunition; and

  k.  $25,040 in United States currency.

All the above is a violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b)(1)(A)(vi), and Title 18, United States Code, Section 2.

**COUNT TWO**
**(Possession with the Intent to Distribute Methamphetamine)**

47. The factual allegations contained in Paragraphs 7, 30, and 44 of this Indictment are hereby re-alleged and incorporated by reference as if fully set out herein.

48. On or about May 18, 2023, in the Middle District of Louisiana, **ROBERT PENNYWELL**, a/k/a **"Black Bo," a/k/a "Black Beezy," a/k/a "Rob," a/k/a "Black Man,"** defendant herein, did knowingly and intentionally possess with the intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

The above is a violation of Title 21, United States Code, Section 841(a)(1).

**COUNT THREE**
**(Possession with the Intent to Distribute Fentanyl)**

49. The factual allegations contained in Paragraphs 7-10, 13-15, 20, 21, 25, 32, 36, 38, 39, 40, 42, and 45 of this Indictment are hereby re-alleged and incorporated by reference as if fully set out herein.

50. On or about May 18, 2023, in the Middle District of Louisiana, **NICHOLAS CRITNEY**, defendant herein, did knowingly and intentionally possess with the intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

The above is a violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FOUR
### (Possession of a Firearm in Furtherance of Drug Trafficking Crimes)

51.     The factual allegations contained in Paragraphs 7-10, 13-15, 19, 20, 21, 25, 32, 36, 38, 39, 40, 42, 45, 49, and 50 of this Indictment are hereby re-alleged and incorporated by reference as if set out fully herein.

52.     On or about May 18, 2023, in the Middle District of Louisiana, **NICHOLAS CRITNEY**, defendant herein, did knowingly possess a firearm, that is, a Sig Sauer 9mm semi-automatic handgun, bearing serial number 58A199578, in furtherance of the drug trafficking crimes charged in Counts One and Three of this Indictment, which are violations of Title 21, United States Code, Sections 846 and 841(a)(1).

The above is a violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT FIVE
### (Possession with the Intent to Distribute Cocaine)

53.     The factual allegations contained in Paragraphs 11-15, 26, 28, 41, 43, and 46 of this Indictment are hereby re-alleged and incorporated by reference as if fully set out herein.

54.     On or about June 14, 2023, in the Middle District of Louisiana, **JHON BROOKS**, **a/k/a "Poppadoc,"** defendant herein, did knowingly and intentionally possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

The above is a violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SIX
### (Possession of Firearms in
### Furtherance of Drug Trafficking Crimes)

55.     The factual allegations contained in Paragraphs 11-15, 26, 28, 41, 43, 46, 53, and 54 of this Indictment are hereby re-alleged and incorporated by reference as if set out fully herein.

56.     On or about June 14, 2023, in the Middle District of Louisiana, **JHON BROOKS, a/k/a "Poppadoc,"** defendant herein, did knowingly possess firearms, that is,

      a.     A Taurus .45 caliber pistol, bearing serial number NET66017;

      b.     A FNH USA 9mm pistol, bearing serial number GKS0121794;

      c.     A Smith & Wesson .40 caliber pistol, bearing serial number FWT9806;

      d.     A Smith & Wesson .38 Special revolver with an obliterated serial number;

      e.     A Colt Python .357 caliber revolver, bearing serial number T16983; and

      f.     A Glock, Model 20, 10mm pistol, bearing serial number BSPW166;

in furtherance of the drug trafficking crimes charged in Counts One and Five of this Indictment, which are violations of Title 21, United States Code, Sections 846 and 841(a)(1).

The above is a violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## COUNT SEVEN
### (Possession of Firearms by a Convicted Felon)

57.     The factual allegations contained in Paragraph 46 of this Indictment are hereby re-alleged and incorporated by reference as if set out fully herein.

58.     On or about June 14, 2023, in the Middle District of Louisiana, **JHON BROOKS, a/k/a "Poppadoc,"** defendant herein, knowing he previously had been convicted of a crime punishable by imprisonment for a term exceeding one year, a felony, did knowingly possess firearms, that is,

a.    A Taurus .45 caliber pistol, bearing serial number NET66017;

b.    A FNH USA 9mm pistol, bearing serial number GKS0121794;

c.    A Smith & Wesson .40 caliber pistol, bearing serial number FWT9806;

d.    A Smith & Wesson .38 Special revolver with an obliterated serial number;

e.    A Colt Python .357 caliber revolver, bearing serial number T16983; and

f.    A Glock, Model 20, 10mm pistol, bearing serial number BSPW166;

said firearms having been shipped and transported in interstate and foreign commerce.

The above is a violation of Title 18, United States Code, Section 922(g)(1).

## **NOTICE OF FORFEITURE**

59.    The allegations contained in Counts One through Seven of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture.

60.    Upon conviction of an offense charged in Count One, Two, Three, and Five of this Indictment,

**ROBERT PENNYWELL,**
**a/k/a "Black Bo,"**
**a/k/a "Black Beezy,"**
**a/k/a "Rob,"**
**a/k/a "Black Man,"**
**MOHAMMAD SHARIFI,**
**a/k/a "Moe,"**
**NICHOLAS CRITNEY,**
**JHON BROOKS,**
**a/k/a "Poppadoc," and**
**JASON JACKSON,**
**a/k/a "Squally,"**

defendants herein, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violation.

61.     If any of the property or proceeds obtained directly or indirectly as a result of the offenses charged, due to any act or omission of the defendants:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to a forfeiture money judgment and shall be allowed to forfeit substitute property pursuant to Title 21, United States Code, Section 853(p), in satisfaction of the forfeiture money judgment.

62.     Upon conviction of the offense charged in Count Four of this Indictment, **NICHOLAS CRITNEY**, defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm and ammunition involved in or used in said violation, including, but not limited to, a Sig Sauer 9mm semi-automatic handgun, bearing serial number 58A199578.

63.     Upon conviction of an offense charged in Count Six or Count Seven of this Indictment, **JHON BROOKS**, **a/k/a "Poppadoc,"** defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm and ammunition involved in or used in said violation, including, but not limited to:

      a.    A Taurus .45 caliber pistol, bearing serial number NET66017;

      b.    A FNH USA 9mm pistol, bearing serial number GKS0121794;

c.   A Smith & Wesson .40 caliber pistol, bearing serial number FWT9806;

d.   A Smith & Wesson .38 Special revolver with an obliterated serial number;

e.   A Colt Python .357 caliber revolver, bearing serial number T16983; and

f.   A Glock, Model 20, 10mm pistol, bearing serial number BSPW166.

UNITED STATES OF AMERICA, BY                    **A TRUE BILL**

<br>

**<span style="color:red">REDACTED
PER PRIVACY ACT</span>**

RONALD C. GATHE, JR.                            GRAND JURY FOREPERSON
UNITED STATES ATTORNEY
MIDDLE DISTRICT OF LOUISIANA

<br>

WILLIAM K. MORRIS                               Nov. 30, 2023
ASSISTANT UNITED STATES ATTORNEY               DATE

**Criminal Cover Sheet**          **U.S. District Court**

**Place of Offense:**                    **Matter to be sealed:** ☑Yes   ☐No

City: Baton Rouge, LA                    Related Case Information:

County/Parish: East Baton Rouge          Superseding ___X___ Docket Number 23-52-JWD-EWD
                                         Same Defendant ___x___ New Defendant _____
   *Investigating Agency: FBI            Magistrate Case Number: 23-MJ-52
                                         Search Warrant Case No.: _____
   *Agent: Michael Landenwich            R 20/ R 40 from District of: _____
                                         Any Other Related Cases: _____

**Defendant Information:**

Defendant Name: ROBERT PENNYWELL

Alias: "Black Bo," "Black Beezy," "Rob," and "Black Man"

Address: _____

Birthdate: _____ SS #: _____ Sex: ____ Race: _____ Nationality: _____

**U.S. Attorney Information:**

AUSA: William K. Morris                  Bar #: LABN: 28694

**Interpreter:** ☐Yes ☑No       **List language and/or dialect:** _____

**Location Status:**

Arrest Date _____
___x___    Already in Federal Custody as of
_____ Already in State Custody
_____ On Pretrial Release

**U.S.C. Citations:**

Total # of Counts: __2__

| Code | Description of Offense Charged | Count(s) | Petty/ Misdemeanor/ Felony |
|------|-------------------------------|----------|----------------------------|
| 21:846, 841(a)(1), | Conspiracy to distribute and to possess with intent | 1 | F |
| 841(b)(1)(A)(vi) and 18:2 | to distribute controlled substances | | |
| 21: 841(a)(1) | Possession with the intent to distribute methamphetamine | 2 | F |
| | | | |
| | | | |

Date: 11/30/23          Signature of AUSA: _William K. M._

# Criminal Cover Sheet          U.S. District Court

**Place of Offense:**                    **Matter to be sealed:**    ☑Yes    ☐No

City: Baton Rouge, LA                    Related Case Information:

County/Parish: East Baton Rouge          Superseding ___X___ Docket Number 23-52-JWD-EWD
                                         Same Defendant ___x___ New Defendant _____
\*Investigating Agency: FBI               Magistrate Case Number: 23-MJ-52
                                         Search Warrant Case No.: _____
\*Agent: Michael Landenwich               R 20/ R 40 from District of: _____
                                         Any Other Related Cases: _____

**Defendant Information:**

Defendant Name: MOHAMMAD SHARIFI
Alias: "Moe"
Address: _____
Birthdate: _____ SS #: _____ Sex: ___ Race: _____ Nationality: _____

**U.S. Attorney Information:**

AUSA: William K. Morris          Bar #: LABN: 28694

**Interpreter:** ☐Yes ☑No    **List language and/or dialect:** _____

**Location Status:**

Arrest Date _____
___x___  Already in Federal Custody as of
_____ Already in State Custody
_____ On Pretrial Release

**U.S.C. Citations:**

Total # of Counts: ___1___

| Code | Description of Offense Charged | Count(s) | Petty/ Misdemeanor/ Felony |
|---|---|---|---|
| 21:846, 841(a)(1), | Conspiracy to distribute and to possess with the intent | 1 | F |
| 841(b)(1)(A)(vi) and 18:2 | to distribute controlled substances | | |
| | | | |
| | | | |
| | | | |

Date: 11/30/23      Signature of AUSA: _____

## Criminal Cover Sheet                    U.S. District Court

**Place of Offense:**

City: Baton Rouge, LA

County/Parish: East Baton Rouge

\*Investigating Agency: FBI

\*Agent: Michael Landenwich

**Matter to be sealed:** ☑ Yes     ☐ No

Related Case Information:

| | | |
|---|---|---|
| Superseding | X | Docket Number 23-52-JWD-EWD |
| Same Defendant | x | New Defendant _____ |
| Magistrate Case Number: 23-MJ-52 | | |
| Search Warrant Case No.: _____ | | |
| R 20/ R 40 from District of: _____ | | |
| Any Other Related Cases: _____ | | |

**Defendant Information:**

Defendant Name: NICHOLAS CRITNEY

Alias: _____

Address: _____

Birthdate: _____   SS #: _____   Sex: ____   Race: _____   Nationality: _____

**U.S. Attorney Information:**

AUSA: William K. Morris

Bar #: LABN: 28694

**Interpreter:** ☐ Yes  ☑ No      **List language and/or dialect:** _____

**Location Status:**

Arrest Date _____

| | |
|---|---|
| X | Already in Federal Custody as of |
| | Already in State Custody |
| | On Pretrial Release |

**U.S.C. Citations:**

Total # of Counts: 3

| Code | Description of Offense Charged | Count(s) | Petty/ Misdemeanor/ Felony |
|---|---|---|---|
| 21:846, 841(a)(1), | Conspiracy to distribute and to possess with the intent | 1 | F |
| 841(b)(1)(A)(vi) and 18:2 | to distribute controlled substances | | |
| 21:841(a)(1) | Possession with the intent to distribute fentanyl | 3 | F |
| 18:924(c)(1)(A)(i) | Possession of a firearm in furtherance of drug trafficking crimes | 4 | F |
| | | | |

Date: 11/30/23      Signature of AUSA: _____

## Criminal Cover Sheet          U.S. District Court

**Place of Offense:**                    **Matter to be sealed:**  ☑ Yes  ☐ No

City: Baton Rouge, LA                    Related Case Information:

County/Parish: East Baton Rouge          Superseding ___X___ Docket Number 23-52-JWD-EWD
                                         Same Defendant _____ New Defendant X
*Investigating Agency: FBI               Magistrate Case Number: 23-MJ-52
                                         Search Warrant Case No.: _____
*Agent: Michael Landenwich               R 20/ R 40 from District of: _____
                                         Any Other Related Cases: _____

**Defendant Information:**

Defendant Name: JHON BROOKS

Alias: "Poppdoc"

Address: _____

Birthdate: _____ SS #: _____ Sex: ___ Race: _____ Nationality: _____

**U.S. Attorney Information:**

AUSA: William K. Morris                  Bar #: LABN: 28694

**Interpreter:** ☐ Yes  ☑ No    **List language and/or dialect:** _____

**Location Status:**

Arrest Date _____
_____ Already in Federal Custody as of
_____ Already in State Custody
_____ On Pretrial Release

**U.S.C. Citations:**

Total # of Counts: ___4___

| Code | Description of Offense Charged | Count(s) | Petty/ Misdemeanor/ Felony |
|------|-------------------------------|----------|----------------------------|
| 21:846, 841(a)(1), 841(b)(1)(A)(vi) and 18:2 | Conspiracy to distribute and to possess with the intent to distribute controlled substances | 1 | F |
| 21:841(a)(1) | Possession with the intent to distribute cocaine | 5 | F |
| 18:924(c)(1)(A)(i) | Possession of firearms in furtherance of drug trafficking crimes | 6 | F |
| 18:922(g)(1) | Possession of firearms by a convicted felon | 7 | F |

Date: 11/30/23          Signature of AUSA: _____

## Criminal Cover Sheet                    U.S. District Court

**Place of Offense:**                    **Matter to be sealed:**  ☑Yes   ☐No

City: Baton Rouge, LA                    Related Case Information:

County/Parish: East Baton Rouge          Superseding ___X___ Docket Number 23-52-JWD-EWD
                                         Same Defendant _____ New Defendant _x_
  *Investigating Agency: FBI             Magistrate Case Number: 23-MJ-52
                                         Search Warrant Case No.: _____
  *Agent: Michael Landenwich             R 20/ R 40 from District of: _____
                                         Any Other Related Cases: _____

**Defendant Information:**

Defendant Name: JASON JACKSON

Alias: "Squally"

Address: _____

Birthdate: _____  SS #: _____  Sex: ____  Race: _____  Nationality: _____

**U.S. Attorney Information:**

AUSA: William K. Morris                  Bar #: LABN: 28694

**Interpreter:** ☐Yes ☑No     **List language and/or dialect:** _____

**Location Status:**

Arrest Date _____
_____ Already in Federal Custody as of
_____ Already in State Custody
_____ On Pretrial Release

**U.S.C. Citations:**

Total # of Counts: ___1___

| Code | Description of Offense Charged | Count(s) | Petty/ Misdemeanor/ Felony |
|---|---|---|---|
| 21:846, 841(a)(1), | Conspiracy to distribute and to possess with the intent | 1 | F |
| 841(b)(1)(A)(vi) and 18:2 | to distribute controlled substances | | |
| | | | |
| | | | |
| | | | |

Date: 11/30/23     Signature of AUSA: _____