UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| *versus* | : | CRIMINAL NO. 23-52-JWD-EWD |
| | : | |
| JASON JACKSON | : | |
| a/k/a "Squally" | : | |

**UNITED STATES' MOTION TO QUASH SUBPOENA**

The United States of America, by and through undersigned counsel, files its *Motion to Quash Subpoena*, urging the Court to quash the subpoena issued to C.W. on this date, October 30, 2024. *See* R. Doc. 201. As set forth in more detail herein, the defendant's subpoena seeks to elicit information that has no bearing on the issues presently before the Court and is nothing more than an effort to engage in a fishing expedition and antagonize a potential witness. Because the defendant has failed to establish the relevancy and necessity of the witness's testimony at the upcoming hearing set for November 14, 2024, the Court should quash the subpoena.

**I.    Factual and Procedural History**

On October 8, 2024, the defendant filed a motion to reopen detention. R. Doc. 181. The next day, the United States filed a response to that motion, as well as a motion to strike the defendant's motion to reopen detention, primarily so that the defendant's motion could be re-filed in compliance with this Court's Protective Order.[1] R. Docs. 183 and 184. After a hearing on October 10, 2024, United States Magistrate Judge Erin Wilder-Doomes ordered that the defendant

---

[1] The motion to strike is the subject of ongoing litigation before the Magistrate Judge due to the defendant's continued pursuit of exposing in the public domain the identity of an uncharged individual, in violation of this Court's Protective Order, who is the same individual the defendant now seeks to subpoena. Magistrate Judge Wilder-Doomes granted the Government's oral motion to seal the defendant's filing pending a ruling on the motion to strike. R. Doc. 185.

1

be released on conditions. The release order was stayed to afford the United States the opportunity to seek this Court's review.

On October 15, 2024, the United States filed a motion to revoke the release order. R. Doc. 186. The next day, the defendant filed an opposition, and the Court set the motion for a hearing on October 31, 2024. The hearing was then re-set for November 14, 2024. R. Doc. 199.

On October 22, 2024, the defendant filed a motion requesting that the United States Marshals Service serve a subpoena at no cost to the defendant. R. Doc. 194. Implicit in the defendant's motion was also an unsupported request that the Court first grant *issuance* of that subpoena, which is addressed to the very same uncharged individual whose public identification and exposure is already at issue in the pending motion to strike. *See, e.g.,* footnote 1, *supra*. The Court found that the defendant had presented no evidence to support the necessity of the requested subpoena and denied the motion without prejudice to the defendant's right to refile the motion, ex parte, with the proper showing.[2] R. Doc. 195.

On October 30, 2024, the Court granted the motion to issue the requested subpoena compelling C.W. to appear and testify at the upcoming hearing on the United States' motion to revoke the release order. R. Doc. 201. Through the instant motion, the United States urges the Court to quash the subpoena, because the defendant has failed to carry his burden to show the necessity of the witness's presence at a hearing to determine whether the defendant should be detained or released pending trial. For the reasons explained herein, the United States submits that the underlying subpoena is nothing more than an attempt to antagonize a potential witness, who

---

[2] During a status conference held on October 29, 2024, *see* R. Doc. 197, the Court noted that the defendant had submitted an ex parte filing in support of the subpoena but had failed to resubmit a motion requesting issuance of the subpoena. In response, defense counsel represented that she would not only file the requisite motion but would also provide the United States with a courtesy copy of the ex parte filing in support of the requested subpoena. Despite that representation, no such copy was provided to the United States, such that the instant filing is made without having reviewed the purported basis for the defendant's request.

2

can offer no evidence on the defendant's danger to the community or risk of flight, and would therefore serve only as an improper fishing expedition at this stage of the case.

**II.    Law**

Federal Rule of Criminal Procedure Rule 17(b) states: "[U]pon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense." "To discharge that burden, the defendant must state facts in his Rule 17(b) application that show the relevancy and necessity of the requested witness['s] testimony." *United States v. Martinez-Vasquez*, No. EP-24-CR-00706-DCG (1), 2024 WL 3934225, at *4 (W.D. Tex. Aug. 19, 2024) (citing *United States v. Abshire*, 471 F.2d 116, 119 (5th Cir. 1972)) (internal quotation marks omitted).

"[I]t is within the district court's discretion to deny a Rule 17(b) application if the subpoena would serve only as a fishing expedition—that is, an attempt to discover *whether* a witness has any information useful to the defense." *Martinez-Vasquez,* 2024 WL 3934225, at *4 (citing *United States v. Ramirez*, 765 F.2d 438, 441 (5th Cir. 1985)) (internal quotation marks omitted). "Rule 17(b) is not a discovery device, so the defendant must show that the witness has information necessary to his defense; not that the defendant might obtain information helpful to his defense if given the opportunity to question the witness in open court." *Martinez-Vasquez*, 2024 WL 3934225, at *4 (internal quotation marks omitted).  "[B]ecause pretrial detention is a preliminary matter that courts must resolve quickly at the case's outset, a court mustn't let a detention hearing devolve into a mini-trial on the ultimate question of guilt.  Courts therefore possess broad discretion to limit the presentation of direct testimony ... at a detention hearing to prevent the hearing from becoming a full-blown trial on the merits." *Id.*  at *6 (internal quotation marks and citations omitted).

3

"When considering whether to let a defendant question **adverse witnesses** at a pretrial detention hearing, the Court must also be careful not to let the defendant use the hearing as a discovery device." *Martinez-Vasquez, 2024 WL 3934225, at \*7* (collecting cases emphasizing that a pretrial detention hearing is not a vehicle for discovery) (emphasis added). A court may, for instance, prohibit a defendant from presenting live testimony from the Government's case agent at his detention hearing if doing so would only serve as a fishing expedition for discovery purposes." *Martinez-Vasquez, 2024 WL 3934225, at \*7* (cleaned up).

"By statute, a defendant has the right 'to *present* witnesses' to testify in his favor at his pretrial detention hearing." *Martinez-Vasquez*, 2024 WL 3934225, at \*6 (quoting 18 U.S.C. § 3142(f)). "But that *doesn't* mean that a defendant has an unqualified right to *subpoena adverse* witnesses to testify at the detention hearing[.]" *Id.* (citing *e.g. United States v. Sanchez*, 457 F. Supp. 2d 90, 92 (D. Mass. Oct. 17, 2006)) ("[A] defendant has no absolute 'right' to subpoena adverse witnesses at a detention hearing."); *United States v. Flanders*, No. 2010-29, 2010 WL 4054442, at \*4 (D.V.I. Oct. 15, 2010) ("[A] defendant does not have an unqualified right to call an adverse witness [at his detention hearing]."); *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986) ("The accused has no right to cross-examine adverse witnesses who have not been called to testify [at the detention hearing].")).

### III. Argument

It has become abundantly clear that the defendant's only purposes in requesting the above-mentioned subpoena are to antagonize a potential witness and conduct an improper fishing expedition. It is worth noting that the issue of detention is now before this Court on the Government's motion for review of the Magistrate Judge's release order. When the issue of detention was before the Magistrate Judge on the defendant's own motion to reopen the detention hearing, the burden of production was on the defendant. During the reopened hearing, the

4

Magistrate Judge expressly offered the defendant an opportunity for additional time to gather evidence. The offer was declined, and the defendant proceeded to offer no evidence or testimony at the hearing. Only now that the defendant has prevailed in obtaining a release order from the Magistrate Judge is he asking this Court to order this individual to appear at a hearing before this Court. The United States submits that there is no reason to believe that the requested subpoena will result in testimony that has any bearing on the defendant's risk of flight and/or any danger posed by this defendant to the community. The timing and circumstances surrounding the proposed subpoena are entirely suspect and further demonstrate that issuance of "the subpoena would serve only as a fishing expedition—that is, an attempt to discover whether a witness has any information useful to the defense." *See Martinez-Vasquez*, 2024 WL 3934225, at *4. As such, issuance of the subpoena is improper, and the subpoena should be quashed.

## IV. Conclusion

For the foregoing reasons, the subpoena issued this date to C.W. and ordering him to appear before this Court on November 14, 2024, R. Doc. 201, should be quashed.

    UNITED STATES OF AMERICA, by

    RONALD C. GATHE, JR.
    UNITED STATES ATTORNEY

    /s/ William K. Morris
    William K. Morris, LBN 28694
    Assistant United States Attorney
    777 Florida Street
    Baton Rouge, Louisiana 70801
    Telephone: (225) 389-0443
    Fax: (225) 389-0561
    E-mail: william.morris2@usdoj.gov

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| *versus* | : CRIMINAL NO. 23-52-JWD-EWD |
| JASON JACKSON | : |
| a/k/a "Squally" | : |

## **ORDER**

Considering the United States' *Motion to Quash Subpoena*, it is hereby ordered that defendant's subpoena issued on October 30, 2024, ordering C.W. to appear in Court on November 14, 2024, is hereby QUASHED.

_____
JOHN W. deGRAVELLES, JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA